IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | CRIMINAL No. 11-76 |
| AMOS SINGLETON | : | |
|    a/k/a "Aziz Mahadi," | : | |
|    a/k/a "Aziz Hankerson," | : | |
| COREY PASLEY | : | |

MEMORANDUM

**Norma L. Shapiro, J.**                                                                       February 22, 2012

      Defendants Amos Singleton ("Singleton") and Corey Pasley ("Pasley") are accused of robbing the Walnut Lane Apartments. They are charged with conspiracy, violation of the Hobbs Act, use of a firearm during a crime of violence, and aiding and abetting. Singleton is also charged with possession of a firearm by a convicted felon. Pasley moved to sever his trial from Singleton's (paper no. 32); Singleton joined the motion. In an Order of June 7, 2011 (paper no. 42), the court denied the severance motion. Subsequently, the government moved for permission to introduce evidence obtained from defendants' proffers to rebut inconsistent defense evidence or arguments (papers no. 43, 96). The court granted the motions (paper no. 114). Following a rehearing on February 7, 2012, and for the reasons discussed below, the court will vacate paragraph 'N' of the June 7th Order and grant the severance motion.

      Singleton and Pasley gave proffers subsequent to arrest. They now seek separate trials because they each claim they will be prejudiced by the information contained in the other's proffer. They contend that the government's proposed redactions do not cure their concerns because the redactions are extensive and will confuse the jury, and the government strategically

1

redacted the proffers to retain information favorable to the government. Singleton and Pasley argue that separate trials will not harm judicial economy because both trials will likely be short. Pasley contends that severance is proper because there is a greater quantum of evidence against Singleton than against him, and the evidence disparity will cause prejudicial spill-over and juror confusion.

The government argues: defendants who are indicted together should usually be tried together; the instant action concerns one event, the robbery; the evidence is not complex and the model jury instructions on conspiracy will sufficiently guide the jury. The government concedes "the admission at a defendant's trial of his co-defendant's confession can violate a defendant's constitutional right to cross examine witnesses." Gov't Resp. 3 (paper no. 135). But, since a confession can be admitted "as long as it is properly redacted to avoid any direct inculpation of the defendant who did not make the statement," the government argues that "each defendant's proffered statements will . . . be offered [only] if that defendant decides to testify, or if that defendant's . . . counsel makes representations materially different from statements made or information provided during the proffer." *Id.* 3, 5. The government argues no redactions would be needed if a defendant were to testify, because a testifying defendant would be available for cross-examination.

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). But, "[i]f . . . a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When deciding whether to sever, the trial judge "should balance the public interest in joint trials against the

possibility of prejudice inherent in the joinder of defendants." *United States v. Eufrasio*, 935 F.2d 552, 568 (3d Cir. 1991). The defendant moving for severance must establish the reason for severance. *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989). A defendant is not automatically entitled to severance merely because: (1) he would have a better chance of acquittal if tried separately; (2) the evidence is stronger against his co-defendant; or (3) the defenses are "mutually antagonistic." *See Zafiro*, 506 U.S. at 538-39, 540; *United States v. Urban*, 404 F.3d 754, 776 (3d Cir. 2005). "[A] district court should grant severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Inigo*, 925 F.2d 641, 655 (3d Cir. 1991).

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Bruton v. United States*, 391 U.S. 123, 126 (1968), the Court held that admitting a co-defendant's confession implicating the defendant constituted prejudicial error, despite the trial court having clearly instructed the jury to consider the confession against only the co-defendant. In *Richardson v. Marsh,* 481 U.S. 200 (1987), the Court ruled, "[T]he Confrontation Clause is not violated by the admission of a nontestifying co-defendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211. But, in *Gray v. Maryland,* 523 U.S. 185 (1998), the Court clarified that presenting at trial co-defendants' incriminating statements, obviously implicating the defendant even when redacted, violated the defendant's confrontation right. *See Robinson v. Shannon*, No. 08-1074, 2009 WL 2474632, at *3-4, 2009 U.S. Dist. LEXIS 70634, at *8-10 (E.D. Pa. Aug. 11, 2009).

The government moved to introduce defendants' proffers to rebut any inconsistent arguments or evidence defendants offer during pre-trial motions or trial (papers no. 43, 96).

> [S]hould [defendants] elect to testify, or make representations through . . . counsel in argument or written motion that are materially different from the statements made or information provided during the proffer[s], the government [requested permission to] (a) cross-examine the defendant[s] with [their] proffer statements; (b) introduce rebuttal evidence based on the defendant[s'] proffer statements; and (c) make representations on the defendant[s'] proffer statements.

Mot. in Limine 4 (paper no. 96). This court granted the government's motions to introduce the proffers, but expressed serious concerns about the resulting *Bruton* problem. The government said it was sensitive to the court's concerns and provided proposed redactions with its response in opposition to Pasley's severance motion (paper no. 135).

Singleton and Pasley incriminated each other in their proffers. "Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant . . . might present a risk of prejudice." *Zafiro*, 506 U.S. at 539; *see Bruton,* 391 U.S. 123, 126. In view of Singleton's and Pasley's intertwined, mutually antagonistic defenses, the government's proposed redactions of the proffers do not cure the *Bruton* problem. This court, "in exercising its discretion, balances the potential prejudice to [Singleton and Pasley] against the advantages of joinder in terms of judicial economy." *Sandini*, 888 F.2d at 305 (citation omitted). Severing the trials will not harm judicial economy since both trials will likely be short; but there is a serious risk that a joint trial will compromise Pasley's Sixth Amendment right of confrontation because a joint trial will make it difficult for a jury to reliably judge guilt or innocence. For these reasons, the court will modify its Order of June 7, 2012 (paper no. 42) by granting Pasley's motion for

4

severance (paper no. 32).

Singleton has appealed one of the court's prior orders (paper no. 131). Singleton's counsel admits the order was not final; the Court of Appeals has directed the parties to file briefs. Until the Court of Appeals rules on Singleton's appeal, this court does not have jurisdiction over Singleton's trial. This court will try Pasley first.

An appropriate order follows.